**Quentin W. Lackey, ISB No. 9938**
LACKEY LAW GROUP
823 Specht Ave., Ste. 6,
Caldwell, ID 83605
t: 208-466-3753
f: 208-475-8074
e: qlackey@lackeylawgroup.com

*Attorneys for Michael E. Bowman*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOWMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF BOISE, CITY OF BOISE POLICE DEPARTMENT, LAUREN MCLEAN, individually and in her official capacity as the Mayor of the City of Boise, RYAN LEE, individually and in his official capacity as the Chief of Police for the City of Boise police, AMY MORGAN, individually and in her official capacity as a law enforcement officer for the City of Boise police, ADAM NEILSEN, individually and in his official capacity as a law enforcement officer for the City of Boise police, and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>        Defendants. | Case No: 1:22-cv-132-BLW<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

        MICHAEL E. BOWMAN, for cause of action against the above-named defendants, alleges as follows:

1. This is an action for money damages and declaratory and injunctive relief arising under 42 U.S.C. § 1983, under the Fourth and Fourteenth Amendments to the United States Constitution.

## I.   JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), and other applicable law because this action arises under the Constitution and laws of the United States to redress Defendants' deprivation of Michael Bowman's civil rights, and because those claims arising under Idaho law form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has specific personal jurisdiction over Defendants because they committed acts and omissions giving rise to Michael E. Bowman's damages in Idaho.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) and other applicable law because the defendants reside in Idaho and because a substantial part of the events or omissions giving rise to the case occurred in Idaho.

5. Based upon information and believe, Plaintiff timely presented a Notice of Idaho Tort Claim to the appropriate authority.

6. This Notice was sufficient in all respects to preserve the Plaintiff's rights to assert clams against the Defendants under Idaho state Law.

## II.   PARTIES

7. Plaintiff is, and at all times material hereto was, a resident of Ada County, Idaho.

8. Defendant City of Boise is, and at all times material hereto was, a governmental entity of the State of Idaho, more specifically City of Boise, Ada County, ID acting pursuant to its respective official, established policies, procedures, and practices.

9. Lauren McLean is an Idaho citizen.

10. Defendant Lauren McLean**,** was, at all times material hereto, the duly elected Mayor for the City of Boise, acting under color of Idaho law and within the course and scope of her employment as Mayor for the City of Boise, and was ultimately responsible for the proper training, supervision, and control of defendants Ryan Lee, Amy Morgan, and Adam Neilsen, and for the investigation and remediation of her employees' misconduct.

11. Defendant, City of Boise Police Department, and at all times material hereto was, a governmental entity of the State of Idaho, more specifically City of Boise, Ada County, ID acting pursuant to its respective official, established policies, procedures, and practices.

12. Ryan Lee is an Idaho citizen.

13. Defendant Ryan Lee**,** was, at all times material hereto, the duly commissioned Police Chief for the City of Boise, City of Boise Police Department, acting under color of Idaho law and within the course and scope of his employment as Police Chief, and was ultimately responsible for the proper training, supervision, and control of defendants, Amy Morgan, and Adam Neilsen, and for the investigation and remediation of her employees' misconduct.

14. Defendant Amy Morgan is an Idaho citizen and was, at all times material hereto, a duly appointed law enforcement officer for the City of Boise, City of Boise Police Department, acting in her individual capacity within the course and scope of her employment with defendant City of Boise, City of Boise Police Department.

15. Defendant Amy Morgan's culpable acts and omissions were undertaken under color of state law.

16. Defendant Adam Neilsen is an Idaho citizen and was, at all times material hereto, a duly appointed law enforcement officer for the City of Boise, City of Boise Police Department,

acting in his individual capacity within the course and scope of his employment with defendant City of Boise, City of Boise Police Department.

17. Defendant Adam Nielsen's culpable acts and omissions were undertaken under color of state law.

18. At all times material hereto, Defendants John/Jane Does 1-10 were responsible for the proper training, supervision, and control over its employees for their tactics and use of force in properly seizing citizens.

19. Defendants John/Jane Does 1-10 are persons acting on behalf of Defendants and/or whose acts or omissions were actual, direct, and proximate causes of the excessive use of force and/or negligent inflictions of emotional distress and/or intentional infliction of emotional distress. The true identities, acts, and/or omissions of John/Jane Does 1-10 are presently unknown. Plaintiff will amend this Complaint to state the true names of John/Jane Does 1-10 and involvement if and when discovered.

20. Defendants John/Jane Does 1-10 were, at all times relevant to this Complaint, duly appointed deputies, agents, and/or employees of defendants' City of Boise and City of Boise Police Department, acting under color of Idaho law and within the course and scope of their employment and in their individual capacities, in supervising, directing, controlling, and training defendants John/Jane Does 1-10, Ryan Lee, Amy Morgan, and Adam Neilsen.

21. Plaintiff does not know the true names or identities of the defendants named herein as John/Jane Does 1 through 10 and therefore prays leave to amend this Complaint to substitute their names herein when their identities are ascertained.

### III.     FACTS

22.     That at some time prior to March 30, 2020, Defendant City of Boise Police Department Office kept a policy involving declaring children in imminent danger and removing them from a private citizen's custody in its law enforcement activities.

23.     That for some time prior to March 30, 2020, Defendants, and each of them, were aware that there was a global pandemic spreading and that the Idaho State Governor through his Health Director declared a medical emergency for the benefit of the public safety and health.

24.     That Defendants, and each of them, were aware that the public and private individuals, at the time, were unsure of the exact nature of the pandemic and how it would affect the health of private citizens.

25.     That for some time prior to March 30, 2020, Defendants, and each of them, were aware that law enforcement had a policy wherein children could be removed from a private citizens custody if law enforcement determined that the child is in imminent danger of harm.

26.     That Defendants, and each of them, implemented insufficient policies concerning the means necessary to declare whether a child is in imminent danger of harm.

27.     That Defendants, and each of them, failed to sufficiently follow the policies and procedures established to determine whether a child is in imminent danger of harm.

28.     That Defendants, and each of them, failed to properly train and/or understand when and how law enforcement can declare a child in imminent danger of harm and remove said child from a private citizen's custody.

29.     That Defendants gross neglect amounted to a conscious disregard for the safety and welfare of the public, with a knowledge of the probable consequences of the neglect.

30. On March 26, 2020, defendant City of Boise Police Department removed the Plaintiff's minor child from his home but did not declare him in imminent danger at that time.

31. The Plaintiff informed defendant City of Boise Police Department that the minor child could be placed with his "adoptive" family in Boise, Idaho.

32. Upon removing the minor child from Plaintiff's custody on March 26, 2020, defendant City of Boise Police Department failed to follow the instructions of the Plaintiff, inform the Plaintiff where they took the minor child, and failed to provide the Plaintiff with any contact information for the minor child's friend.

33. On March 31, 2020, defendant Amy Morgan, reported to the home of the Plaintiff because law enforcement was contacted by a friend of the minor child about returning the minor child to the Plaintiff's residence.

34. On April 1, 2020, defendant Amy Morgan followed-up on the matter and learned that the minor child was no longer in the care of his friend, or back in the care of the Plaintiff, and that the minor child was wandering the streets.

35. On April 3, 2020, defendant Amy Morgan located the Plaintiff's minor child and contacted the Plaintiff about placing the minor child back in the custody and care of the Plaintiff.

36. On April 3, 2020, the Plaintiff, after being contacted by defendant Amy Morgan, informed defendant Amy Morgan that he would take his minor child back into his custody and care but that he would remain in a tent with appropriate equipment until quarantine was completed.

37. Defendant Amy Morgan did not like how Plaintiff would provide care for the minor child and so declared him in imminent danger and removed the minor child from the custody of the Plaintiff.

38.     Regardless of Plaintiff's rights over his minor child as to his care, control, upbringing, and education, defendant Amy Morgan, without just cause, declared Plaintiff's minor child in imminent danger and removed the minor child from Plaintiff's custody.

39.     The defendants' actions were in clear violation of Plaintiff's right to direct the care, upbringing, and education of his minor child, in violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

40.     Defendants City of Boise, City of Boise Police Department, Ryan Lee acting Police Chief, and John Does 1 through 10 failed to properly train, supervise, direct, and/or control defendants John Does 1 through 10, Amy Morgan, and Adam Nielsen, which was a proximate cause of Plaintiff's constitutional injuries alleged herein.

41.     At all times material hereto, defendants City of Boise, City of Boise Police Department, Lauren McLean acting Mayor of the City of Boise, and Ryan Lee acting Police Chief for the City of Boise Police Department, had official policies or customs permitting unlawful taking of a private citizen's minor child, of the kind exhibited toward Plaintiff as described above, as evidenced by, *inter alia*, their training of their employees, sergeants, detectives, and deputies to do so, approval and/or ratification of its law enforcement officers doing so, and failure to adopt or implement departmental policies, rules, or regulations governing the need for the proper use of tactics and taking of a private citizen's property and/or minor child in their custody and care, which was a proximate cause of Plaintiff's constitutional injuries alleged herein.

42.     As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has suffered severe and irreparable physical, mental, and emotional injuries,

pain, suffering, distress, anguish, **(embarrassment and humiliation)**, in (**addition to bodily injury**) in amounts to be proven at trial.

43. As a result of having his minor child declared, Plaintiff was criminally charged for failure to support a child and jailed for an extensive period of time.

44. Since charged and jailed, the Plaintiff suffered personal injuries.

45. The defendants' misconduct and adoption of official policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which he is entitled to an award of punitive damages under 42 U.S.C. § 1983.

## IV.     CLAIMS

46. Plaintiff incorporates be reference all allegations contained in this Complaint.

### Fourth Amendment Claims

47. The United States Constitution's Fourth Amendment, incorporated by the Fourteenth Amendment, guarantees that The People will be free from unreasonable seizures.

48. The Fourth Amendment prohibits law enforcement officers from seizing citizens, unless there is probable cause.

### Fourteenth Amendment Claims

49. The United States Constitution's Fourteenth Amendment guarantees that parents have a constitutional right to direct the care, upbringing, and education of their minor child.

50. The Fourteenth Amendment prohibits law enforcement officers from taking children from a parent unless there is probable cause of imminent danger of harm.

**Count One: Violation of Bowman's Fourth Amendment Rights Brought by Bowman against, City of Boise Police Officers Amy Morgan, Adam Nielsen, and John/Jane does 1-10**

51. Defendants' actions were a seizure that was intentional, unreasonable, and contrary to clearly established law.

52. Defendants' actions were in clear violation of Plaintiff's right to right to direct the care, upbringing, and education of his minor child, in violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

53. Defendants' actions were a proximate cause of Plaintiff's constitutional injuries alleged herein.

### Count two: violation OF bowman's fourth amendment rights BROUGHT by bowman against The City of Boise, City of Boise Police Department, Mayor Lauren Mclean, Chief of Police Ryan Lee, officers Amy Morgan, Adam Nielsen, and John/Jane Does 1-10.

54. Mayor Lauren Mclean and Chief of Police Ryan Lee, Defendants, and John Does 1-10 failed to properly train, supervise, direct, and/or control defendants Amy Morgan, Adam Nielsen, and John/Jane Does 1-10 which was a proximate cause of Plaintiff's constitutional injuries alleged herein.

55. At all times material hereto, Defendants had official policies or customs permitting unlawful taking of a citizen's minor child of the kind exhibited toward Plaintiff as described above, as evidenced by, *inter alia,* their training of their employees, sergeants, and detectives to do so, approval and/or ratification of its law enforcement officers doing so, and failure to adopt or implement departmental policies, rules, or regulations governing the need for the proper use of tactics and force in seizing a citizen.

56. Which actions were a proximate cause of Plaintiffs constitutional injuries alleged herein.

### Count Three: Negligent Infliction of Emotional Distress Brought by Bowman Against All Defendants

57. The defendants had a duty to use reasonable care to avoid actions that could foreseeably cause Bowman undue emotional harm.

58. The defendants breached this duty through acts and omissions described above.

59. These breaches, directly, and proximately caused Bowman to suffer emotional injuries.

60. Bowman has suffered physical manifestations of these emotional injuries.

### Count Four: Intentional Infliction of Emotional Distress Brought by Bowman Against All Defendants

61. The defendants intentionally or recklessly declared Plaintiff's minor child.

62. The defendants' conduct was extreme and outrageous.

63. The defendants' conduct directly and proximately caused Plaintiff to suffer emotional distress.

64. The defendants' conduct was with a conscious disregard for the rights and safety of the public, including Plaintiff, with a knowledge of the probable consequences of their misconduct.

### Aftermath

65. As a direct and proximate result of the Defendants' unlawful conduct as alleged above, Plaintiff has suffered severe and irreparable physical, mental, and emotional injuries, pain, suffering, distress, anguish, and in amounts to be proven at trial.

66. The defendants' misconduct and adoption of official policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Plaintiffs federally protected rights, for which he is entitled to an award of punitive damages under 42 U.S.C. § 1983.

67. The defendants' actions were in clear violation of Plaintiff's constitutional right to direct the care, upbringing, and education of their minor child, and free from taking a private

citizen's person or property, in violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

68. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover his reasonable attorney fees incurred in this matter.

69. Plaintiff's legal remedies are inadequate as his injuries are irreparable and are likely to continue in the future, for which he is entitled to injunctive relief.

70. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

1. For a judicial declaration that the defendants' conduct and policies were in violation of Plaintiff's rights secured by the United States Constitution.

2. For injunctive relief, enjoining the defendant from similar future misconduct.

3. For an award of damages for, *inter alia*, Plaintiff's physical, mental, and emotional injuries, pain, suffering, anguish, distress, in amounts to be proven at trial.

4. For an award of punitive damages in amounts to be proven at trial.

5. For an award of reasonable attorney fees.

6. For costs incurred in prosecuting this action.

7. For such other and further relief as this Court deems equitable and just.

DATED this 28th day of March 2022.

By: /s/ Quentin W. Lackey<br>
Lackey Law Group<br>
Quentin W. Lackey