UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOWMAN,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>CITY OF BOISE, CITY OF BOISE POLICE DEPARTMENT, LAUREN MCLEAN, individually and in her official capacity as the Mayor of the City of Boise, RYAN LEE, individually and in his official capacity as the Chief of Police for the City of Boise police, AMY MORGAN, individually and in her official capacity as a law enforcement officer for the City of Boise police, ADAM NIELSEN, individually and in his official capacity as a law enforcement officer for the City of Boise police, and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>　　　　Defendants. | Case No. 1:22-cv-00132-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion to Set Reasonable Bond (Dkt. 1). For the reasons explained below, the Court will grant the motion and conditionally fix the cash bond amount at $2,000.00.

**MEMORANDUM DECISION AND ORDER - 1**

## DISCUSSION

Bowman intends to sue two law enforcement officers, Amy Morgan and Adam Nielsen of the City of Boise Police Department and several other potential defendants including: (1) the City of Boise; (2) the City of Boise Police Department; (3) City of Boise Mayor Lauren McClean; (4) City of Boise Police Chief Ryan Lee; and (5) other, as-yet-unknown, City and Police Department employees. Bowman alleges that Officer Morgan and Officer Nielsen "violated his rights by removing his child and declaring said child in imminent danger without probable cause and justification." He intends to pursue federal civil rights claims and state-law claims in this Court. They ask the Court to fix the amount and form of a bond required under Idaho Code § 6-610.

## ANALYSIS

Under Idaho Code § 6-610, plaintiffs who intend to sue law enforcement officers must first post a bond. This requirement is laid out in Idaho Code § 6-610, which provides as follows:

> Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty, . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

MEMORANDUM DECISION AND ORDER - 2

Idaho Code § 6-610(2). The statute goes on to explain that the purpose of the bond requirement is, first, to ensure that the plaintiff diligently pursues the lawsuit and, second, to serve as a fund for the costs, expenses, and attorneys' fees in the event the plaintiff loses. *See id.*

The statutory bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *See ET v. Lake Pend Oreille Sch. Dist. No. 84*, No. 2:10-cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). But the bond requirement does apply to Bowman's intended state-law claims. The Court must therefore determine the amount of the bond. *See id.* (referring to the bond "in an amount to be fixed by the court").

Bowman has attached his proposed complaint, which includes state-law claims for negligent infliction of emotional distress and intentional infliction of emotion distress against the law enforcement defendants. Bowman's intended state-law claims fall under the Idaho Tort Claims Act (ITCA).Under the ITCA, to obtain an award of attorney's fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Idaho Code § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining

**MEMORANDUM DECISION AND ORDER - 3**

when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

Based on the facts alleged in the Complaint, the Court finds no indication of bad faith, and thus no indication that the defendants, if they were to prevail, would be entitled to attorney's fees under § 6-918A. Thus, based upon the information before it, the Court finds a minimal bond requirement in the amount of $2,000 to be appropriate.

Finally, the Court notes that the prospective defendants have neither been served nor entered an appearance in this action. The pending Motion to Set Reasonable Bond is thus brought ex parte, and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount or form of bond. Section 6-610, however, has safeguards in place that will allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. *See* Idaho Code § 6-610(4). If, upon such exception, the Court finds the bond to be in an insufficient amount, the Court will require that a new bond, in a sufficient amount, be filed by Bowman within five days of entry of the Court's order. *Id.* § 6-610(7). "If no such bond is filed as required by the order of the court," the state law claims against the law enforcement officers will be dismissed. *Id.*

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that:**

1. Plaintiff Michael Bowman's Motion to Set Reasonable Bond (Dkt. 1) is **GRANTED**.

2. Plaintiff shall post a cash bond in the amount of $2,000.00 within seven days of this Order, subject to any named defendants' right to except to that amount as set forth in Idaho Code § 6-610(4).

3. If such an exception is filed, the Court will then consider whether the bond amount should be increased.



DATED: April 1, 2022

_____
B. Lynn Winmill
U.S. District Court Judge